IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL INSURANCE COMPANY, AN INDIANA CORPORATION; and its wholly owned subsidiary VIGILANT INSURANCE COMPANY, A NEW YORK CORPORATION, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:22-cv-06084 |
| OLD VETERAN CONSTRUCTION, INC. an Illinois corporation, SOUTHSIDE MATERIAL COMPANY, INC. an Illinois corporation, MSA INVESTMENTS, LLC, an Illinois Limited Liability Company, JOSE MALDONADO, individually, Margaret MALDONADO. Individually, | ) ) ) ) ) ) ) ) ) | Hon. Elaine E. Bucklo |
| Defendants. | ) | |

**MOTION TO ENFORCE PRELIMINARY INJUNCTION, ENTRY OF JUDGMENT AND OTHER RELIEF**

Plaintiffs Federal Insurance Company and Vigilant Insurance Company, throught their attorney, William S. Piper of the Law Firm of T. Scott Leo, PC move for entry of judgment and other relief as follows:

1. This action is one in which Plaintiffs, as surety under public contract bonds, are seeking enforcement of an indemnity agreement, including a deposit of collateral to secure the surety against pending claims and indemnity for losses already incurred. Old Veterans Construction Company (OVC)was a general contractor and principal under the bonds. The

1

remaining defendants are indemnitors under an indemnity agreement. (Complaint, Ex. 1, #Doc. 1-1)

2. On May 29, 2024, this court entered an order (Doc #91) granting Plaintiffs partial summary judgment on Count I and a preliminary injunction under Count II related to outstanding claims under bonds and which among other relief sought by Plaintiffs, required a deposit of collateral by the defendants in the amount of $1,415,359.80 and the enforcement of other rights under the indemnity agreement to secure Plaintiffs from claims by Divane Brothers Electric Company (Divane Claims) against Plaintiffs bonds.

3. At the prior request of OVC, Plaintiffs participated in a mediation of the Divane Claims with Divane and OVC on June 26, 2024 before a mediator.

4. Prior to the mediation, on June 13, 2024, Plaintiffs' counsel asked the Defendants' counsel to advise by June 24, 2024 as to the intentions of the Defedants regarding compliance with the preliminary injunction and further advised that their compliance or non-compliance prior to the mediation would affect what decisions and actions the plaintiffs would take at the mediation. Defendants counsel was advised the indemnity agreement in this matter assigned various claims and rights to Plaintiffs, including a power of attorney to execute any release of OVC'c claims should the sureties elect to settle the Divane Claims.

5. Counsel for the defendants failed to respond to the inquiry. The Defendants failed to comply with the court's order and have not deposited such collateral as requested or ordered by this court.

6. During the mediation, counsel for Plaintiffs advised the Defendants' counsel in this indemnity action, Eric Kaplan[1], that Mr. Maldonado and OVC are unwilling to join surety

---

[1] Mr. Kaplan was not of counsel for OVC in the Divane litigation. OVC was represented by separate counsel.

in making a settlement offer and that Plaintiffs would be proceeding to extend an offer of settlement to Divane and exercise the power of attorney to provide OVC's release as part of that. OVC and its counsel left the mediation mid-day.

7. Mr. Kaplan responded that "OVC objects to a settlement, which is why OVC and its counsel left the mediation."

8. Prior to the commencement of the mediation, the written settlement demand from Divane was $1,900,000.

9. Following OVC's departure from the mediation, Plaintiffs reached a settlement with Divane in which Plaintiffs agreed to pay Divane the sum total of $1,075,000 in exchange for mutual releases by all parties, including releases from OVC. The settlement was conditioned upon Plaintiffs obtaining a court order binding upon the Defendants herein and confirming the right of Plaintiffs to release Divane from OVC's claims in the litigation as part of the settlement.

10. This court previously cited to the provisions of the indemnity agreement that gave plaintiffs as the Surety the right to settle claims.

> "a) …"the exclusive right for itself and the Undersigned to determine in good faith whether any claim or suit upon any Bond shall be paid, compromised, defended or appealed;"
>
> and that
>
> "c) Surety's determination of the foregoing made by it in good faith under the belief that it is or was liable for the sums and amount so disburse, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed, shall be final and conclusive upon the Undersigned."

11. In addition to the right to settle claims, the indemnity agreement assigned certain rights and powers to the Plaintiffs and gave Plaintiffs a Power of Attorney in event of OVC's default to execute any release.

"D.- SECURITY TO SURETY: as security to surety for the obligations of the undersigned hereunder, the undersigned:

1) convey and assign two surety, as of the date of execution of any bond, all rights of principle in any manner growing out of:

    a) any contract or modification thereof;

    b) any subcontract and against any legal entity and its surety who has contracted with principal to furnish labor, materials, equipment and supplies in connection with any contract;

…

2) irrevocably nominate and appoint any officer of surety as the true and lawful attorney- in- fact of the undersigned with full right and authority in event of principles default to:

    a) sign the name of the undersigned to any voucher, release, financing statement, satisfaction, check, bill of sale of property referred to herein, or any other paper or contract necessary or desire to carry into effect the purposes of this agreement;"

12. Courts generally recognize that the scope of the surety's right to settle claims includes releasing the principal's affirmative claims against another party and that such a settlement is binding upon the principal. See, *HRG Constr., LLC v Fid. & Guar. Ins. Co*, 2005 U.S. Dist. 13737, citing *Hutton Constr. Co. v County of Rockland*, 1993 U.S. Dist. LEXIS 18046

(S.D.N.Y, 1993), aff'd, 52 F.3d 1191 (2d Cir. 1995). As noted in *Hutton*, this power arises under the power of attorney clause in the indemnity agreement.

13. In this matter, the indemnitors were found in breach of the indemnity agreement, ordered to deposit collateral and given every opportunity to settle the claim. Plaintiffs participated in the mediation at the request of OVC. OVC chose to leave and not settle. Plaintiffs acted entirely within their rights to mitigate their exposure resulting from the Defendants' breach of the indemnity agreement and failure to comply with this court's order.

Wherefor Plaintiffs pray for the following relief:

a. An order affirming the right of Plaintiffs in this instance to settle the claim of Divane Brothers Electric Company and expressly including the right to release any affirmative claims of OVC against Divane; and

b. Entry of final judgment on Count II in the amount of $1,075,000; and

c. Dissolution of the preliminary injunction.

d. Such other relief as the Court deems necessary and just.

Dated: June 27, 2024                    FEDERAL INSURANCE COMPANY and
                                        VIGILANT INSURANCE COMPANY

                                        __/s/ William S. Piper_____
                                        One of its Attorneys

William S. Piper
wpiper@leolawpc.com
T. Scott Leo
sleo@leolawpc.com
Law Office of T. Scott Leo, P.C.
100 N. LaSalle St.
Suite 100
Chicago, Illinois 60606
312-857-0910

DECLARATION

I William S. Piper, attorney for the Plaintiffs above, hereby declare under penalty of perjury, that I prepared the foregoing motion, participated in the referenced mediation and that the statements concerning communications with Defendants' counsel and the terms of settlement are true.

June 27, 2024                                                               */s/ William S. Piper*